# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL ALEJO,<br><br>            Plaintiff,<br>    vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>            Defendant. | CASE NO. 06 CV 2463 JM (JMA)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT |

This is an action for judicial review of the final administrative decision of the Commissioner of Social Security denying Plaintiff Supplement Security Income Benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 416, 423.

**BACKGROUND**

On March 30, 2004, Plaintiff applied for Supplemental Security Income disability benefits under Title XVI of the Social Security Act, claiming that he had been disabled since June 2004 due to low back pain, carpal tunnel syndrome, kidney stones, and headaches. See AR 109. The application was denied on January 7, 2005, and a request for reconsideration was denied on March 9, 2005. AR 45, 56. Plaintiff appealed, and an Administrative Law Judge ("ALJ") affirmed the denial of benefits on May 17, 2006. AR 10. The decision became final on September 27, 2006 when Plaintiff's request to the Appeals Council for review of the ALJ's decision was denied. AR 4. This lawsuit followed.

On February 14, 2006, Plaintiff appeared before ALJ Frederick Graf at an

administrative hearing conducted in El Centro, California. AR 216. Plaintiff was represented by counsel at the hearing. At that time, Plaintiff's counsel indicated that Plaintiff was scheduled for a neurological consultation in March to determine whether Plaintiff needed cervical spine surgery. AR 219. Plaintiff stated that he was born on December 27, 1965, that he was forty years-old, that he had completed seven years of schooling in Mexico, and that he was a Mexican citizen. AR 220, 224. Plaintiff further stated that he had worked as a mechanic for about twenty to thirty years, and that he had stopped working a year ago due to pain. AR 221. Plaintiff stated he had problems with his left hand, that his right hand falls asleep, and that he is right-handed. AR 221-22. Plaintiff also stated he had carpal tunnel surgery on his left hand and that surgery had also been recommended for his right hand. AR 221. Plaintiff said the pain in his neck is constant and extends into his arms and legs, affecting his ability to sit, stand, and lift. AR 222-23. Plaintiff stated that he takes medication for the pain but that the medicine does not help since it puts him to sleep. AR 223.

The ALJ denied Plaintiff's application in a decision dated May 17, 2006. AR 10-18. In his decision, the ALJ specifically found that "[t]he medical evidence establishes that the claimant has these severe, medically determinable impairments: C5-6 disc herniation; moderate bilateral carpal tunnel syndrome and status post carpal tunnel release on left; and posterior headaches." AR 17. Finding that Plaintiff has a ninth grade education and is illiterate in English, the ALJ concluded that Plaintiff does not have any skills transferable to skilled or semiskilled work. AR 17. The ALJ also found that Plaintiff "has the residual functional capacity to perform light work (20 CFR 416.945)" and that Plaintiff's allegations as to the severity and functional consequences of his pain symptoms were not fully credible. AR 17. The ALJ further found that although Plaintiff was unable to perform his past work as an automobile mechanic, Plaintiff's "capacity to do a full range of unskilled light work has not been significantly compromised by his non-exertional limitations." Citing 20 CFR §§ 416.969 and 20 CFR 202.16, Table No. 2, Appendix 2, Subpart P (hereinafter "the Grids"), the ALJ

1 concluded that Plaintiff is not disabled and therefore not entitled to supplemental
2 security income.  AR 18.

3 The Appeals Council upheld the ALJ's decision.  On November 8, 2006, Plaintiff
4 filed the present complaint in the Southern District of California.  On February 12,
5 2007, Plaintiff filed his amended motion for summary judgment.  On February 21,
6 2007, Defendant filed an opposition to Plaintiff's motion as well as its own cross-
7 motion for summary judgment.  The issues raised by the parties are (1) whether the ALJ
8 committed legal error by consulting the grids, rather than the testimony of a vocational
9 expert, in determining whether Plaintiff is disabled, and (2) whether the ALJ's finding
10 of no disability is supported by substantial evidence.  Pursuant to Local Rule 71.(d)(1),
11 this matter was deemed appropriate for decision without oral argument.

12 **STANDARD OF REVIEW**

13 This court reviews the final decision of the Commissioner to determine whether
14 the opinion lacks legal error and is supported by substantial evidence.  Magallanes v.
15 Bowen, 881 F.2d 747, 750 (9th Cir. 1989).  Substantial evidence is "more than a mere
16 scintilla, but may be less than a preponderance."  Lewis v. Apfel, 236 F.3d 503, 509
17 (9th Cir. 2001).  Any relevant evidence that "a reasonable mind might accept as
18 adequate to support a conclusion" may constitute substantial evidence.  Magallanes, 881
19 F.2d at 750.  If there is more than one reasonable interpretation of the evidence before
20 the Commissioner, the court must affirm the Commissioner's interpretation of the
21 evidence.  Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); Andrews v. Shalala,
22 53 F.3d 1035, 1039-40 (9th Cir. 1995).  Even if the Commissioner's decision is
23 supported by substantial evidence, however, it will nevertheless be overturned if the
24 ALJ applied the wrong legal standard.  Benetiz v. Califano, 573 F.2d 653, 655 (9th Cir.
25 1978); Flake v. Gardner, 399 F.2d 532, 540 (9th Cir. 1968).

26 ///
27 ///
28 ///

**DISCUSSION**

Plaintiff bears the burden of establishing that he is disabled. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

In determining whether a social security claimant is disabled, the Commissioner is required to conduct a five-step inquiry. Key v. Heckler, 754 F.2d 1545, 1548 (9th Cir. 1985). Pursuant to step one, if a claimant is currently working, the claimant is not disabled. Id. Step two requires a determination of whether the claimant's impairment is "severe." Id. If the claimant's impairment is not severe, the claimant is not disabled. Id. Third, the Commissioner must determine if the claimant's impairment is listed in the Listing of Impairments of Appendix 1, Subpart P, Regulations No. 4 ("Appendix 1"), or whether the claimant's impairment is equal to an impairment included in Appendix 1. Id. If the impairment is included in Appendix 1 or is equal to a listed impairment, the claimant is presumptively disabled. Id. Fourth, if the claimant has a severe impairment that is not enumerated in Appendix 1, the Commissioner determines whether the claimant can perform his or her past work. Id. If the claimant is able to perform past work, the claimant is not disabled. Id. Fifth, if the claimant is unable to perform past work, the burden shifts to the Commissioner to determine whether the claimant can perform other work. Id. If the claimant is able to perform other work, the claimant is not disabled. Id. In determining whether the claimant can perform other work, the Commissioner may in appropriate circumstances apply the Grids, which are based on strength factors only, to match the claimant with appropriate work. Reddick v. Chater, 157 F.3d 715, 728 (9th Cir. 1998). "The ALJ may apply the grids in lieu of taking testimony of a vocational expert only when the grids accurately and completely describe the claimant's abilities and limitations." Id. at 729 (citing Jones v. Heckler,

760 F.2d 993, 998 (9th Cir. 1985)).

In this case, the ALJ resolved Plaintiff's claim at step five. According to the findings set forth in the ALJ's decision, Plaintiff's medically determinable impairments were severe. AR 17, Finding 2. The ALJ found that although Plaintiff could not perform past relevant work, Plaintiff's exertional capacity to do light work was not significantly compromised by his non-exertional limitations and therefore, using the Grids, Plaintiff was not disabled. AR 17-18.

Plaintiff argues that the ALJ's "finding that Plaintiff's carpal tunnel syndrome was a severe impairment and then his later finding that Plaintiff's capacity for light work was not significantly compromised by his non-exertional limitations are contradictory." (Plaintiff's Motion at p.8:23-26). Plaintiff appears to be arguing that because the ALJ concluded that Plaintiff's carpal tunnel syndrome was a severe exertional limitation, AR 17,[1] the ALJ could not have also logically concluded, as he did, that Plaintiff's non-exertional limitation was also not severe, a conclusion which thereby required the ALJ to consult a vocational expert. This argument is not persuasive because substantial evidence supports the ALJ's determination that Plaintiff's capacity for unskilled light work was not significantly compromised by his non-exertional limitations and, under the circumstances, the ALJ properly applied the Grids.

"Non-exertional limitations are limitations that do not directly affect a claimant's strength[, such as] mental, sensory, postural, **manipulative**, or environmental (e.g. inability to tolerate dust or fumes) limitations . . . that affect a claimant's ability to work." Burkhart v. Bowen, 856 F.2d 1335, 1340-41 (9th Cir. 1988) (internal citations and quotations omitted) (emphasis added); 20 C.F.R. §416.969a(c). "When a claimant's non-exertional limitations are 'sufficiently severe' so as to significantly limit

---

[1]The ALJ found that "[t]he medical evidence establishes that the claimant has these *severe*, medically determinable impairments: C5-6 disc herniation; moderate bilateral *carpal tunnel syndrome* and status post carpal tunnel release on left; and posterior headaches." AR 17 (emphasis added).

the range of work permitted by the claimant's exertional limitations, the grids are inapplicable." Burkhart, 856 F.2d at 1340 (quoting Desroisiers, 846 F.2d at 577). Here, substantial evidence supports the ALJ's determination that Plaintiff was not significantly compromised by his non-exertional limitations. Significant limitations in the use of hands and arms for reaching, such as carpal tunnel syndrome, may be non-exertional. Social Security Ruling 85-15, 1985 WL56857, *2 (Nov. 20, 1984); see also 20 C.F.R. §404.1569a(c)(1)(vii) (citing the example of a non-exertional limitation as having "difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching."). The record reveals that Plaintiff suffered from moderate carpal tunnel syndrome and that he underwent carpal tunnel release surgery on his left hand in July 2004. In January 2005, the non-examining state agency physician indicated that Plaintiff's handling (gross manipulation) and fingering (fine manipulation) were limited to occasionally on the left hand and frequently on the right hand. AR 113. One year later, in January 2006, Dr. Teske, Plaintiff's treating physician, indicated in a Physical Capacities Evaluation that Plaintiff could not use either hand for repetitive actions such as simple grasping, pushing or pulling, or fine manipulation. AR 213. The ALJ noted in his decision that Plaintiff "is able to cook, shop, do laundry, wash dishes; is able to get out and take walks, drive an automobile, visit friends/relatives, talk on the phone, and requires no assistance in dressing or in personal grooming." AR 15. Further, the ALJ found Plaintiff's complaints of pain not fully credible because Plaintiff's treating and examining physicians consistently described Plaintiff's impairments as "minimal", "mild", "slight", "normal" and "unremarkable." AR 15.[2] This evidence supports the ALJ's conclusion that non-exertional limitations do not significantly impair Plaintiff's "capacity for the full range of unskilled light work." TR 17.

Plaintiff also argues that the ALJ committed legal error by consulting the Grids, rather than a vocational expert, because Plaintiff's non-exertional limitations require the

---

[2]The court notes that Plaintiff does not dispute this finding of fact by the ALJ.

use of a vocational expert without reference to the Grids.[3] This argument is contrary to Lounsburry v. Barnhart, 468 F.3d 111, (9th Cir. 2006), in which the Ninth Circuit explained,

> Where a claimant suffers only exertional limitations, the ALJ must consult the grids. Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir.1989). Where a claimant suffers only non-exertional limitations, the grids are inappropriate, and the ALJ must rely on other evidence. Id. Where a claimant suffers from both exertional and non-exertional limitations, the ALJ must consult the grids first. Id.
>
> . . .
>
> [W]here a person with exertional and non-exertional limitations is "disabled" under the grids, there is no need to examine the effect of the non-exertional limitations. But if the same person is not disabled under the grids, the non-exertional limitations must be examined separately.

Id. at 1115-16. Here, the ALJ found, and Plaintiff does not dispute, that Plaintiff suffered from both exertional and non-exertional limitations. AR 17-18. As discussed above, substantial evidence supports the ALJ's finding that Plaintiff did not suffer severe non-exertional limitations. Therefore, under Lounsburry, it was proper for the ALJ to consult the grids first. Since the grids directed a finding of no disability, a fact which Plaintiff also does not dispute, the ALJ was not required to consult a vocational expert. Id.

///
///
///
///
///

---

[3] An impairment imposes exertional limitations when it affects only the claimant's ability to meet the strength demands of jobs, such as sitting, standing, walking, lifting, carrying, pushing, and pulling. 20 C.F.R. § 404.1569a(b). Any other limitation imposed by the impairment is considered nonexertional. Id. § 404.1569a(c)(1). Examples of nonexertional limitations are difficulty functioning due to nervousness, anxiety, or depression, difficulty in seeing or hearing, or, of particular relevance to the instant case, "difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching. Id.

**CONCLUSION**

Accordingly, the Court **DENIES** Plaintiff's motion for summary judgment and **GRANTS** Defendant's cross-motion for summary judgment. The decision to deny benefits is AFFIRMED. The clerk is directed to enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

DATED: September 5, 2007

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties